IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

J.G.A.M.,                                                 :
                                                         :
                    Petitioner,                          :
                                                         :
v.                                                       :          Case No. 4:26-cv-80-CDL-ALS
                                                         :
Warden, STEWART DETENTION                                :
CENTER, *et al.*,                                        :
                                                         :
                    Respondents.                         :
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Respondents' Motion to Dismiss Petitioner's amended application for habeas corpus relief. (ECF Nos. 1, 5, 6). For the reasons explained below, it is recommended that Respondents' Motion to Dismiss be **DENIED**, and that Petitioner be granted habeas relief in the form of a bond hearing.

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection approximately twenty (20) years ago. (ECF Nos. 1, at 12; 6-1, at 1). On July 19, 2011, Petitioner was arrested by the Georgia State Patrol for driving without a valid driver's license, and on August 24, 2011, Petitioner entered Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") custody for the first time. (ECF No. 6-1, at 1). On August 24, 2011, Petitioner was served a Notice to Appear ("NTA") charging him with being inadmissible under Immigration and Naturalization Act ("INA") § 212(a)(6)(A)(i). *Id.* On August 26, 2011, "Petitioner was released from custody on an Order of recognizance." *Id.* On August 20, 2015, Petitioner's removal proceedings were administratively closed based on a joint request from Petitioner and the Department

of Homeland Security ("DHS"). *Id.*

On July 23, 2023, "Petitioner was arrested by the Panama City Beach Police Department for solicitation of a minor for sexual conduct[,] traveling to meet a minor to commit unlawful sexual conduct[,] and unlawful use of [a] two-way communications device[.]" (ECF No. 6-1, at 1). "Petitioner pleaded guilty to possession of obscene material harmful to a minor[,] and unlawful use of [a] two-way communications device," on October 25, 2024. *Id.* On October 1, 2025, Petitioner entered ICE/ERO custody for the second time. *Id.* at 2. On January 21, 2026, an Immigration Judge ("IJ") granted DHS's motion to recalendar removal proceedings. *Id.* at 1. Petitioner is currently detained at Stewart Detention Center under INA § 235(b)(2)(A). *Id.* at 2.

On January 15, 2026, Petitioner filed a counseled application for habeas corpus relief based on Respondents' refusal to provide Petitioner with a bond hearing and the opportunity for pre-removal release while the removal proceedings are pending. (ECF No. 1). On January 16, 2026, finding that Petitioner's "case appear[ed] to involve the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025)," the Court ordered Respondents to show cause as to why the application for habeas relief should not be granted. (ECF No. 4). On January 17, 2026, Petitioner filed an amended application for habeas corpus relief. (ECF No. 5). On January 23, 2026, Respondents filed a Motion to Dismiss, conceding that *J.A.M.* controls the outcome in this case – if the Court continues to apply its reasoning – but also asserting that Petitioner *may* be detained under 8 U.S.C. § 1226(c) based on Petitioner's alleged crimes of moral turpitude. (ECF No. 6). On February 2, 2026, Petitioner timely filed a Response in opposition to the Motion to Dismiss. (ECF No. 9). Respondents did not file a reply.

Respondents' Motion to Dismiss is ripe for a recommendation.

## DISCUSSION

Respondents do not strengthen their case by multiplying arguments. Respondents concede that *J.A.M.* applies to this case,[1] but they also argue that Petitioner may alternatively be detained under 8 U.S.C. § 1226(c) based on his Florida convictions. (ECF Nos. 6; 6-1). In relevant part, Petitioner responds that Respondents' alternative argument is "contradicted by the record." (ECF No. 9, at 6). The record presently before the Court does not clearly show that Petitioner is currently detained under § 1226(c).

The only support for Respondents' contention that Petitioner is detained under § 1226(c) is found in the declaration of Deportation Officer Charles Gillikin. In his declaration, Gillikin declares that Petitioner is "currently detained at . . . Stewart Detention Center under authority of INA § 235(b)(2)(A). Alternatively, he <u>may</u> be subject to mandatory detention pursuant to INA § 236(c)(1)(A) based on his convictions for crimes involving moral turpitude." (ECF No. 6-1, at 2) (emphasis added). That equivocal assertion is insufficient to show that Petitioner is currently detained under § 1226(c).

Respondents also make a glancing attempt to argue that Petitioner's convictions are "<u>likely</u> sufficiently reprehensible to qualify as a crime of moral turpitude, as it requires harm to minors." (ECF No. 6, at 11) (emphasis added). However, Respondents fail to engage in any analysis of whether Petitioner's convictions are crimes involving moral turpitude under the United States Court of Appeals for the Eleventh Circuit's categorical

---

[1] Although Respondents concede *J.A.M.*, the Motion to Dismiss preserves their argument that Petitioner's detention is proper under 8 U.S.C. § 1225(b)(2)(A), (ECF No. 6, at 3-6). Given the deluge of habeas corpus petitions raising this precise issue, the Court has summarily rejected this argument. *See, e.g.*, *J.E.C.C. v. Streeval*, No. 4:26-cv-38-CDL-ALS (M.D. Ga. Jan. 16, 2026) (ECF No. 6, at 2 n.1) ("The brevity of this order is appropriate given that the issue presented is exactly the same as the issue previously decided on numerous occasions by the Court and yet Respondents insist upon denying the relief that the Court has found is required.").

or modified categorical approaches. *See Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1241 (11th Cir. 2016) (citations omitted) (stating that "[b]oth this Court and the [Board of Immigration Appeals] have historically utilized the categorical approach to determine whether a conviction for a particular crime qualifies as a" crime involving moral turpitude, and noting that "the modified categorical approach [applies] when a state statute is 'divisible.'"). Further, nothing in the record shows that the IJ made a determination that Petitioner's convictions were crimes involving moral turpitude. *See id.*, at 1238 (discussing the IJ's finding that the alien detainee's conviction was "categorically" a crime involving moral turpitude). There also is no record of an NTA showing that Petitioner has been charged under INA § 236(c)(1)(A). Logic isn't a buffet; Respondents don't get to sample every conceivable theory of detention without committing to one. If Respondents truly believe Petitioner is currently detained under INA § 236(c)(1)(A), it is incongruent that they would concede Petitioner is entitled to a bond hearing under *J.A.M.* As a result, the Court finds that Respondents failed to show that Petitioner is alternatively detained under § 1226(c).

It is, therefore, recommended that Petitioner be granted a bond hearing under § 1226(a). In making this recommendation, the Court makes no finding as to whether Petitioner can or cannot be detained under INA § 236(c)(1)(A). Rather, the Court only finds that Respondents concede that Petitioner is entitled to a bond hearing under *J.A.M.*, and that, although Petitioner's Florida convictions may in fact turn out to be crimes involving moral turpitude and give the Court pause, Respondents failed to show that Petitioner is currently detained under INA § 236(c)(1)(A). As such, the Court recommends that Petitioner be granted habeas relief in the form of a bond hearing under § 1226(a).

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Respondents' Motion to Dismiss (ECF No. 6) be **DENIED** and that Petitioner's amended application for habeas relief (ECF Nos. 1, 5) be **GRANTED** in the form of a bond hearing pursuant to 8 U.S.C. § 1226(a). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 27th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

5